# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41063

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2019

Lyle W. Cayce
Clerk

DAVID ANDREW SCHMIDT,

      Petitioner - Appellee

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.: 1:14-CV-286

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

    At issue is the habeas relief, under 28 U.S.C. § 2254, granted to David Andrew Schmidt, a prisoner of the Texas Department of Criminal Justice (TDCJ). Schmidt was charged by TDCJ with stealing powdered milk and destroying state property by removing the milk from its original container. A disciplinary hearing

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41063

was held, which Schmidt did not attend, but at which he was represented by counsel substitute.

At the hearing, counsel substitute stated Schmidt had pleaded guilty and did not want to attend the hearing, and submitted a service-investigation worksheet to that effect. An offense report, prepared by the officer who found the milk, was also submitted. The report stated Schmidt "[d]id intentionally take 2 bread bags of milk[,] such property belonging to the State", and "did intentionally destroy 2 bread bags of powder[ed] milk by removing the powdered milk from its original container[,] said property belonging to State". The report further stated: while conducting a cell audit, the officer "open[ed] [Schmidt's] locker and found 2 large bags of powder[ed] milk and 2 small sandwich bags of powder[ed] milk"; and Schmidt told the officer "he got it from someone to sell".

The disciplinary hearing officer (DHO) found Schmidt guilty of stealing and of destruction of state property, resulting in, *inter alia*, the loss of 20-days' previously-earned good-time credit. Schmidt filed two grievance forms, claiming the following due-process violations: no one took his statement; he told counsel substitute he was not guilty of the offenses, and wanted to attend his hearing; and an investigation would have shown the powdered milk was purchased in the commissary and was not the State's property. Both grievances were denied, based on finding there was substantial evidence to support the DHO's finding of guilt, "includ[ing] [Schmidt's] multiple admissions of guilt".

Schmidt filed a *pro se* § 2254 petition challenging the disciplinary finding and the loss of 20-days' good-time credit, asserting: he was actually innocent of the theft and destruction-of-state-property offenses because the milk was purchased through the commissary and given to him; his due-process rights were violated during the disciplinary hearing; and counsel substitute was ineffective for failing to ensure he was present at the hearing, writing incorrectly in her report that he admitted guilt and declined to attend, failing to defend or investigate properly, and failing to try to resolve the case informally, pursuant to

2

prison policy.  Schmidt requested the district court, *inter alia*, reinstate his lost good-time credits.

The magistrate judge's report and recommendation stated:  Schmidt contended the milk had been given to him by another inmate and was not state property, and he told counsel substitute he was not guilty and did want to attend the hearing; and the offense report merely described the items found in Schmidt's locker, and, therefore, there was no evidence proving the powdered milk belonged to the State.  The magistrate judge recommended, *inter alia*:  TDCJ had not met its evidentiary burden; Schmidt's § 2254 petition should be granted; and the 20-days' lost good-time credit should be restored.  *Schmidt v. Director, TDCJ-CID*, No. 1:14-CV-286, 2017 WL 4127680, at *2–3 (E.D. Tex. 13 Apr. 2017).

The TDCJ Director objected to the report and recommendation, contending Schmidt's guilty plea reflected in counsel substitute's investigation worksheet and statements at the hearing, along with the charging officer's report, constituted "some evidence" of Schmidt's guilt.

The district court, after *de novo* review, granted Schmidt's § 2254 petition in part, finding:  in the light of Schmidt's contention he was improperly prevented from attending his disciplinary hearing based on counsel substitute's actions, Schmidt's alleged statement to counsel substitute could not be used as evidence of his guilt.  *Schmidt*, No. 1:14-CV-286, 2017 WL 4124064, at *1 (E.D. Tex. 18 Sept. 2017).  Further, the court found insufficient the charging officer's conclusory statement that the property belonged to the State because there was "no factual evidence to support the statement".  *Id.*  The district court granted Schmidt's petition in part, ordering the lost good-time credit be restored, and denying Schmidt's request for the disciplinary record to be expunged.  *Id.* at *2.

As an initial matter, Schmidt exhausted all state remedies:  he filed the requisite grievance forms; and the Texas Court of Criminal Appeals has "refused to consider matters such as loss of good time credit, disciplinary proceedings and inmate classification by way of a writ of habeas corpus".  *Ex parte Palomo*, 759

No. 17-41063

S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc) (citing *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (en banc)).  Therefore, Schmidt has satisfied the exhaustion requirement of § 2254 because there is not an "available State corrective process".  *See* 28 U.S.C. § 2254(b)(1)(B)(i), (c); *Anthony v. Johnson*, 177 F.3d 978, 978 (5th Cir. 1999) (per curiam) ("Accordingly, a Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing in habeas corpus proceedings need exhaust only prison grievance procedures." (citation omitted)).

Because Schmidt was granted habeas relief, the district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*.  *Richards v. Dretke*, 394 F.3d 291, 293 (5th Cir. 2004) (citation omitted).  Due process requires there be "some evidence" to support the hearing officer's disciplinary decision.  *Id.* (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985)).  "Whether there is 'some evidence' is an issue of law reviewed *de novo*."  *Id.* (citation omitted).

The TDCJ Director contends this "some evidence" standard is satisfied.  (Schmidt did not file a response brief.)

Essentially for the reasons stated in the magistrate judge's report and recommendation and the district court's order, the judgment is AFFIRMED.